**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6433**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

KAREEM KABBAR WEBB,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:09-cr-00021-RLV-DCK-1; 5:12-cv-00121-RLV)

Submitted:  July 30, 2015              Decided:  August 12, 2015

Before KING, SHEDD, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kareem Kabbar Webb, Appellant Pro Se. Thomas Richard Ascik, Amy Elizabeth Ray, Assistant United States Attorneys, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Kabbar Webb seeks to appeal the district court's order denying his motion to reconsider the denial of his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6).[1] "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on August 27, 2014. The notice of appeal was filed on March 18, 2015.[2] Because Webb failed to file a timely notice of appeal or

---

[1] Although Webb's notice of appeal stated that he did not receive the order in a timely manner, he did not file the notice of appeal requesting additional time to file the notice of appeal until March 18, 2015, at the earliest, which was 203 days after the court entered the order. See Fed. R. App. P. 4(a)(6)(B) (motion to reopen must have been "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier.").

[2] The notice of appeal is considered filed the day Webb delivered it to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

to obtain an extension or reopening of the appeal period, we dismiss the appeal.  We deny Webb's motion for a certificate of appealability as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED
